### A. L. Pierson v. Mary L. Blanton, Administratrix.

#### Decided December 1, 1903.

**Administration—Priority of Claims—Costs of Proceeding—Practice.**

The action of the court in a proceeding affecting the taxing of costs in a proceeding to establish the status of claims against an estate in course of administration, will not be revised on questions of fact in the absence of a statement of facts.

Appeal from the District Court of Galveston. Tried below before Hon. R. G. Street.

*W. T. Austin,* for appellant.

*S. S. Hanscom,* for appellee.

GILL, Associate Justice.—The appellee, as administratrix of the estate of Robert Millich, deceased, filed in the County Court of Galveston County where such administration was pending, a petition representing that she had in her hands as administratrix the sum of $308, proceeds of the sale of property belonging to the estate, which comprised the entire estate. That after deducting costs of administration there remained of this sum only $167.70 which was subject to the payment of two claims which had been previously assigned by this court to the third class, viz., the claim of appellant for $140 with interest and attorney's fees, and another in favor of petitioner for $94 and interest.

Petitioner, after setting out the nature of the two claims as affecting the matter of priority in payment out of a fund insufficient to pay both, prayed the court to direct her which claim she should pay first, or whether they should be paid pro rata.

Appellant answered making the point that petitioner was not the sole owner of her claim, but that her two minor children owned a half interest therein, and further sought preference over the entire claim.

The probate judge on the issues thus made ordered the claims paid pro rata. On appeal to the District Court appellant's claim was given priority, but the costs were adjudged to be paid by the estate. On this point the court found that the proceeding was instituted in good faith, and in the course of a prudent discharge of her duties as such administratrix.

The appeal is solely on the question of costs, the appellant making the point that as the appellee was pressing a private claim against the estate, her failure to prevail imposed the costs on her, as such a result would on any other litigant.

There is no statement of facts. The appellant asserted that the claim was jointly owned by appellee and her minor children. This may have been shown. The claims had been classified by the probate court as of equal dignity. The administratrix was confronted with the question of

priority or pro rata payment. She had the right to seek direction upon the point, and in the absence of a statement of facts we are unable to say that the finding of the court in the light of such facts as he heard did not justify his course.

The judgment is affirmed.

*Affirmed.*